IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL P. ALCARMEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JPMORGAN CHASE BANK N.A., formerly known as Washington Mutual Bank, CALIFORNIA RECONVEYANCE COMPANY, CITIBANK, N.A., as trustee for WaMu Series 2007-HE3 Trust, WAMU ASSET ACCEPTANCE CORP., QUALITY LOAN SERVICE CORP., and DOES 1 through 50, inclusive,<br><br>　　　　Defendants.<br>　/ | No. C 16-04408 WHA<br><br>**ORDER GRANTING JPMORGAN CHASE'S MOTION TO DISMISS** |

**INTRODUCTION**

In this foreclosure action, defendants move to dismiss on the basis of *res judicata*. For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

In 2007, plaintiff Joel P. Alcarmen, who is proceeding *pro se*, obtained a mortgage loan from Washington Mutual Bank, F.A., secured by a deed of trust in his home in Hayward (Compl. ¶ 20). The deed of trust named defendant California Reconveyance Company as the trustee. It also provided that in the event that Alcarmen defaulted, WaMu could direct CRC to initiate non-judicial foreclosure (Compl., Exh. A 22). WaMu could sell and assign Alcarmen's note without prior notice, and the assignee would have the full right to enforce the terms of the

1  note and deed of trust (*id.* 20).  Soon after Alcarmen obtained his mortgage loan, it was
2  securitized and sold, via defendant WaMu Acceptance Corporation, to WaMu Mortgage Pass-
3  Through Certificates Series 2007-HE3 Trust (Compl. ¶ 46).  In November 2007, CRC issued a
4  notice of default asserting that Alcarmen had failed to make more than seventeen thousand
5  dollars in mortgage payments.  In February 2008, CRC initiated a trustee's sale (Def.'s RJN,
6  Exhs. D–E).[1]

7  In July 2008, the property was sold to defendant Citibank, N.A., in its capacity as trustee
8  for the WaMu 2007-HE3 Trust and WaMu assigned its residual interest to Citibank in its
9  capacity as trustee (*id.*, Exhs. H, J).  In September 2008, defendant JPMorgan Chase Bank,
10 N.A., acquired WaMu's assets (via the Federal Deposit Insurance Corporation, acting as
11 receiver), including servicing rights to Alcarmen's loan (*id.*, Exh. K).

12 In December 2008, Alcarmen filed an action in Alameda Superior Court against Chase
13 and Citibank, asserting fraud, unfair business practices, and other causes of action relating to his
14 property in Hayward and his mortgage.  After a series of demurrers, the complaint was
15 sustained without leave to amend, and judgment was entered against Alcarmen and in favor of
16 Chase and Citibank (*id.*, Exhs. P–S).

17 In October 2010, Alcarmen filed a second action in Alameda Superior Court, asserting
18 various violations of California law relating to his property and loan as well as violations of the
19 Truth In Lending Act and the Real Estate Settlement Procedures Act.  Alcarmen again named
20 Chase and Citibank as defendants and added CRC as another defendant.  The defendants
21 removed the action to federal court here in San Francisco where it was assigned to Judge Jeffrey
22 S. White.  Judge White dismissed Alcarmen's two federal claims with prejudice and remanded
23 the remaining state-law causes of action.  An order in state court then sustained Chase's
24 demurrer without leave to amend as two four causes of action on the basis of *res judicata* from
25 the 2008 action and granted leave to amend as to the remaining causes of action.  In August

---

[1] Defendants requested judicial notice of several public records purportedly demonstrating the chain of transmission of the deed of trust in Alcarmen's property.  Judicial notice is **GRANTED** as to the existence of the documents, but not as to the underlying validity of the transactions they reflect.

2

1   2012, the state court sustained Chase's demurrer finding those causes of action inadequately
2   pled (*id.*, Exhs. T–X).

3   Meanwhile, in March 2012, the trustee's sale was rescinded, but a second trustee's sale
4   was noticed in July 2012 (*id.*, Exhs. I, L). The sale did not occur because Alcarmen added his
5   wife to the title of the property. CRC recorded a third notice of trustee's sale in November 2012
6   (*id.*, Exh. F). In August 2015, Citibank substituted defendant Quality Loan Service Corporation
7   as trustee on Alcarmen's property (*id.*, Exh. M). Quality noticed yet another trustee's sale (*id.*,
8   Exh. G). To date, the sale has not taken place.

9   In 2013, Alcamen filed a third action in Alameda Superior Court against Chase and
10  Citibank, asserting many of the same causes of action asserted in his prior actions, all pertaining
11  to his property and loan. Chase removed the case to federal court in Oakland, where the case
12  was assigned to Judge Yvonne Gonzalez Rogers. Judge Gonzalez Rogers granted Chase's
13  motion for summary judgment, noting that among the "panoply of challenges" to the claims
14  asserted in the complaint, "one alone, the issue of res judicata" warranted judgment in
15  defendants' favor (*id.*, Exhs. C and Y).[2]

16  Alcarmen commenced this action in May 2016 in Alameda Superior Court, asserting
17  sixteen causes of action against chase, all relating to avoiding paying the balance due on his
18  loan and seeking to maintain possession of his property. In August, Chase removed the action
19  to federal court here in San Francisco. (The other defendants have not been served.)[3]

20  Chase now moves to dismiss the action. Alcarmen failed to timely respond to the
21  motion and was ordered to show cause why the action should not be dismissed for lack of
22  prosecution (Dkt. No. 23). Alcarmen then belatedly responded to Chase's motion and
23  explained that his delay was due to health problems. Chase replied and a hearing was held.
24  This order considered Alcarmen's brief as if it had been timely filed.

---

[2] Alcarmen's pattern of litigation also included eleven bankruptcy petitions in the past sixteen years, one of which remains pending (RJN, Exh. N).

[3] Chase failed to file a notice of pendency of other action or proceeding as required by Civil L.R. 3-13(a), so the relationship between this action and the one before Judge Gonzalez Rogers was not appreciated until substantial work on the instant motion had already been done. (That is, relating the cases at this point would not have served the purpose of avoiding duplication of labor.)

## ANALYSIS

Chase primarily argues that this case can be resolved simply on the basis of *res judicata*. For claims under federal law, a plaintiff may not pursue claims that have already been decided where three elements are met: (1) identity of claims, (2) a final judgment on the merits of the earlier claims, and (3) identity or privity between the parties to the earlier and later proceedings. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). Similarly, under California law, *res judicata* applies to preclude relitigation of (1) the same claim, (2) against the same party, (3) when that claim proceeded to a final judgment on the merits in a prior action." *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010).

Under federal law, claims are identical when they derive from the same transactional nucleus of fact, notwithstanding any "different legal labels" attached to the claim. *Id.* at 1077–78. Final judgment bars relitigation of any claims that "could have been brought" in the action, regardless of whether the "were actually pursued." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). Under California law, a claim is the "same claim" if it is derived from the same "primary right" regardless of the legal theory on which liability for the injury is based. *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 118, 1125–26 (9th Cir. 2013), *cert denied*, 134 S.Ct. 900 (2014).

Here, Alcarmen's claims arise from the same transactional nucelus as each of his prior actions and assert the same primary right. His claims arise from the same alleged misconduct in securing his loan and in initiating foreclosure actions, and he seeks to recover damages for alleged injuries stemming from that conduct and to retain his property. The fact that Alcarmen has recast some of his claims under different statutes does not affect this analysis.

Chase, our movant, was a party to each of Alcarmen's three prior actions, and the remaining defendants (who have not appeared) were either parties to or in privity with parties to Alcarmen's prior action, so the element of identity of parties is met. This order need not determine whether *res judicata* bars claims against the other defendants who have not yet

4

appeared, though it seems all have either won judgments against Alcarmen or were in privity with parties that have. For the purpose of this motion, the parties are identical.

At least three final judgments on the merits in favor of Chase and against Alcarmen preceded this action. One by Judge White in this district, one in Alameda Superior Court, and one by Judge Gonzalez Rogers in this district (the latter on *res judicata* grounds). Thus, the final judgment requirement for *res judicata* is met.

Alcarmen entirely ignores the issue of *res judicata* in his response, but instead responds to Chase's attack on the merits of the case. This order need not address those arguments because the matter has already been decided on the merits thrice.

## CONCLUSION

For the reasons stated above, Chase's motion to dismiss is **GRANTED**. The action is hereby **DISMISSED WITH PREJUDICE**. Judgment will follow.

**IT IS SO ORDERED.**

Dated: November 7, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5